UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CARLOS SANCHEZ,

                             Plaintiff,

            v.

BRIAN FISCHER, et al.,

                             Defendants.

9:11-CV-1203
(GTS/DEP)

_____

APPEARANCES:

CARLOS SANCHEZ
05-A-6204
Plaintiff, pro se
Wende Correctional Facility
P.O. Box 1187
Alden, NY 14004

GLENN T. SUDDABY
United States District Judge

## DECISION and ORDER

Currently before the Court, in this pro se civil rights action filed by Carlos Sanchez is plaintiff's letter motion seeking relief from the Judgment of dismissal entered in this action following the Court's sua sponte review of the complaint in accordance with 28 U.S.C. § 1915(e) and 28 U.S.C.§ 1915A. Dkt. No. 22. For the reasons stated below, plaintiff's motion is denied.

## I.     RELEVANT BACKGROUND

Plaintiff commenced this action by filing a complaint, together with an application to proceed in forma pauperis, on October 7, 2011. Dkt. Nos. 1 ("Compl."), 2 ("IFP Application"). Generally, and construed with the utmost of special leniency, plaintiff's complaint alleged that

he was falsely classified as a homosexual in records maintained by the Department of Corrections and Community Supervision ("DOCCS"), and was consequently refused an assignment to a "double cell" in violation of his constitutional rights. Compl. at 3, 5. Plaintiff sought an order directing defendants to correct the false statements regarding his sexual orientation in DOCCS's records and to desist from entering that false information on his "Double-Cell Information Sheet." *Id.* at 6.

After a careful review of the complaint in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A, the Court concluded that the complaint was subject to dismissal for failure to state a claim upon which relief may be granted. Dkt. No. 17 ("June Order") at 8-12. For the reasons set forth in the June Order, the Court also determined that granting plaintiff leave to file an amended complaint was not warranted and the complaint was dismissed in its entirety with prejudice. *Id.* at 12-17.[1] Judgment was entered by the Clerk on June 15, 2012. Dkt. No. 18. Plaintiff did not appeal to the Second Circuit from the June Order and Judgment. *See generally* Docket Sheet.

On August 1, 2012, plaintiff filed this letter motion, which the Court has construed as a motion for relief from the Judgment of dismissal pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Dkt. No. 22.

---

[1] Among the reasons for this dismissal noted in the June Order was the fact that plaintiff "has already been afforded the opportunity to amend the claim in question, through (1) the prior dismissal without prejudice of a complaint arising from the transactions and occurrences giving rise to the current claim, and (2) the filing of his Complaint in this action." June Order at 15; *see Sanchez v. Fischer*, No. 10-CV-0479 (LEK/GHL) (N.D.N.Y. Judgment filed Oct. 27, 2010).

## II. DISCUSSION

### A. Relevant Legal Standard

Rule 60(b) of the Federal Rules of Civil Procedure sets forth six grounds upon which relief from a judgment or order may be granted. Specifically, a court may relieve a party from a judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; or (6) for any other reason that justifies relief. *Id.*[2] "Rule 60(b) was intended to preserve the delicate balance between the sanctity of final judgments and the incessant command of the court's conscience that justice be done in light of all the facts." *Esposito v. New York*, No. 07-CV-11612, 2010 WL 4261396, at *1 (S.D.N.Y. Oct. 25, 2010) (citation omitted). Rule 60(b) of the Federal Rules of Civil Procedure provides "extraordinary judicial relief" which should be granted "only upon a showing of exceptional circumstances." *Barton v. Troy Annual Conf.*, No. 09-CV-0063, 2011 WL 5325623, at *2 (N.D.N.Y. Nov. 3, 2011) (McAvoy, J.). It may not be used as a substitute for an appeal, and a claim based on legal error alone is inadequate. *United Student Aid Funds, Inc. v. Espinosa,* _ U.S. _, 130 S.Ct. 1367, 1377 (2010); *United Airlines, Inc. v. Brien*, 588 F.3d 158, 176 (2d Cir. 2009) (citing *Matarese v. LeFevre*, 801 F.2d 98, 107 (2d Cir. 1986)).

---

[2] The standards for motions to vacate under Rule 60(b) are similar to those used for motions to reconsider. *Giarrizzo v. Holder,* No. 07-CV-0801, 2011 WL 4964945, at *2 (N.D.N.Y. Oct. 19, 2011) (D'Agostino, J.). Generally, a court is justified in reconsidering its previous ruling for the following reasons: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice. *Delaney v. Selsky*, 899 F. Supp. 923, 925 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983), *cert. denied*, 464 U.S. 864 (1983)).

**B.     Analysis of Plaintiff's Motion**

By his motion, plaintiff restates his claim that he has been misclassified on the basis of his sexual orientation status, and that the Court should order defendants to "fix this mistake." Dkt. No. 22 at 1.  Plaintiff maintains that his claims are sufficiently pleaded and, moreover, that the action "is not frivolous or malicious" but, rather, is an effort to correct the "false statements on my records."  *Id.* at 2.

Upon review, while plaintiff clearly disagrees with the Court's determination that the complaint failed to allege facts sufficient to survive sua sponte review pursuant to 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A, he does not identify in his motion the specific grounds upon which he relies in seeking relief pursuant to Rule 60(b), and his motion may be denied for this reason alone.  However, out of an extraordinary extension of special solicitude to the plaintiff as a pro se litigant, the Court has considered whether his motion affords a basis for relief pursuant to Rule 60(b)(4) or (b)(6),[3] and concludes that it does not.

A judgment is void under Rule 60(b)(4) when it "is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard."  *Espinosa,* 130 S.Ct. at 1377.  As the United States Supreme Court ruled in *Espinosa*, "[t]he list of such infirmities is exceedingly short; otherwise, Rule 60(b)(4)'s exception to finality would swallow the rule."  *Id.*  Here, to the extent that plaintiff seeks relief from the Judgment based upon his claim that the Court failed to properly consider his request for non-monetary relief against the defendants, that argument does not afford a proper ground for a finding that the judgment is void.  Because plaintiff has not identified in his

---

[3] There is no basis in the record upon which plaintiff could seek relief pursuant to any of the other subparagraphs of Rule 60(b).

4

motion any "jurisdictional error" in the Court's disposition of this action, further consideration of this aspect of Rule 60(b)(4) is not warranted. In short, "[a] judgment is not void . . . simply because it is or may have been erroneous." *Espinosa*, 130 S. Ct. at 1377.[4]

The Court also finds that plaintiff has not set forth in his motion any basis upon which relief might be warranted under Rule 60(b)(6). Again, a motion seeking the extraordinary relief provided by Rule 60(b) is not a substitute for an appeal. *See e.g., United Airlines, Inc.*, 588 F.3d at 176.

Upon due consideration, the Court finds that this action was properly dismissed and that plaintiff has not established that relief from the Judgment is warranted under Rule 60(b).

## III. CONCLUSION

**WHEREFORE**, it is

**ORDERED** that plaintiff's motion for relief from the Judgment (Dkt. No. 22) is **DENIED**; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on plaintiff.

IT IS SO ORDERED.

Dated: December 3, 2012
Syracuse, NY

Hon. Glenn T. Suddaby
U.S. District Judge

---

[4] In any event, plaintiff's argument is without merit. In its June Order, the Court analyzed each claim set forth in plaintiff''s complaint and found, for the reasons stated therein, that the allegations failed to state a claim upon which relief may be granted. Dkt. No. 17 at 7-12.

5